1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A PROFESSIONAL LAW CORPORATION*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    (415) 674-8600
4  Facsimile:    (415) 674-9900
   Email:        tfrankovich@disabilitieslaw.com
5
   Attorney for Plaintiffs IRMA RAMIREZ
6  and DAREN HEATHERLY

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10 IRMA RAMIREZ; and DAREN              )    **CASE NO.**
   HEATHERLY,                          )    **Civil Rights**
11                                     )
            Plaintiffs,                )    **COMPLAINT FOR INJUNCTIVE RELIEF**
12                                     )    **AND DAMAGES:**
   v.                                  )
13                                     )    **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
                                       )    by a Public Accommodation in Violation of the
14 WEST SIDE PLAZA; HKV ASSOCIATES )        Americans with Disabilities Act of 1990 (42
   LLC, a California Limited Liability )     U.S.C. §12101, *et seq.*)
15 Company,                            )
                                       )    **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
16          Defendant.                 )    and Equal Access in Violation of California
   _____)    Civil Code §§54, 54.1 and 54.3
17
                                            **3ʳᵈ CAUSE OF ACTION:** For Denial of
18                                          Accessible Sanitary Facilities in Violation of
                                            California Health & Safety Code §19955, *et seq.*
19
                                            **4ᵗʰ CAUSE OF ACTION:** For Denial of
20                                          Access to Full and Equal Accommodations,
                                            Advantages, Facilities, Privileges and/or
21                                          Services in Violation of California Civil Code
                                            §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                                          **DEMAND FOR JURY**

25

26

27

28

Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY complain of defendant HKV ASSOCIATES LLC, a California Limited Liability Company and allege as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability HKV WEST SIDE PLAZA, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person with physical disabilities who, on or about February 12, 2014, March 6, 2014, March 20, 2014, April 18, 2014 and April 30, 2014, and (**deterred thereafter**), was an invitee, guest, patron, customer at defendant's HKV WEST SIDE PLAZA, in the City of Santa Rosa, California.  At said times and place, defendant failed to provide proper legal access to the HKV WEST SIDE PLAZA, which is a "public accommodation" and/or a "public facility" including, but not limited to access the stores sidewalks, handicap parking, access to stores from public sidewalk and in general accessible routes and door and restroom at Huna Kitchen.  The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///
///

**JURISDICTION AND VENUE:**

3.  **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 320 West 3rd Street, in the City of Santa Rosa, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ relies on a wheelchair to travel about in public.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement.  Plaintiff  DAREN HEATHERLY relies on a wheelchair to travel about in public.

///

///

Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.    **DEFINITIONS:**

      a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

      b.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.
(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///

///

///

c.   **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

    j.  **PATH OF TRAVEL -** Space that complies with ADAAG guidelines and is synonymous with accessible route.

    k.  **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 36.304.

  7.  Defendant HKV ASSOCIATES LLC, a California Limited Liability Company is the owner of the real property (land and building) located at or near 320 West 3rd Street, Santa Rosa, California.

  8.  Defendant HKV ASSOCIATES LLC, a California Limited Liability Company and its tenants are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodations known individually as: $1.95 Cleaners, Christina Pasetel's Bakery, D. Laundry, Dave's Market, Hair Focus, Huna Kitchen, La Guadalupana Taqueria, Nail Spa, Pho Crazy, Salon Centric, and Tax Service, located at/near 320 West 3rd Street, Santa Rosa, California, or of the building and/or buildings which constitute said public accommodation.

  9.  At all times relevant to this complaint, defendant HKV ASSOCIATES LLC, a California Limited Liability Company, owns and operates in joint venture the subject HKV WEST SIDE PLAZA as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

///

///

///

///

10.    At all times relevant to this complaint, defendant HKV ASSOCIATES LLC, a California Limited Liability Company is jointly and severally responsible to identify and remove architectural barriers at the subject along with its tenants pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The HKV WEST SIDE PLAZA, is a public accommodation comprised of several other individual public accommodations, to wit: $1.95 Cleaners, Christina Pastel's Bakery, D. Laundry, Dave's Market, Hair Focus, Huna Kitchen, La Guadalupana Taqueria, Nail Spa, Pho Crazy, Salon Centric, and Tax Service, located at/near 320 West 3rd Street, Santa Rosa, California.  The HKV WEST SIDE PLAZA, its  access the stores sidewalks, handicap parking, access to stores from public sidewalk and in general accessible routes and door and restroom at Huna Kitchen, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the public accommodation comprising the HKV WEST SIDE PLAZA and each of its facilities, its access the stores sidewalks, handicap parking, access to stores from public sidewalk and in general accessible routes and door and restroom at Huna Kitchen to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

///

///

12.     On or about the year of 1999, defendant had purchased and/or took possessory control of the premises now known as WEST SIDE PLAZA.  At all times prior thereto, defendant was aware of its obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that WEST SIDE PLAZA was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the WEST SIDE PLAZA as though it was accessible.

13.     At all times stated herein, plaintiffs believe that defendant HKV ASSOCIATES LLC, employed a management company skilled and experienced in complying with the Americans with Disabilities Act of 1990 ("ADA") and ADAAG, which breached its duty to ensure the WEST SIDE PLAZA was ADAAG compliant and was negligent in so doing.

14.     At all times stated herein, defendant's and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.     At all times referred to herein and continuing to the present time, defendant, and each of them, advertised, publicized and held out the WEST SIDE PLAZA being handicapped accessible and handicapped usable.

16.     At all times stated herein, the WEST SIDE PLAZA had in essence two (2) parking lots.  One of the parking lots serves the east group of buildings which are bundled together.  The second parking lot serves the west group of buildings.  The east group of buildings do not have an accessible route from the public sidewalk or curb-cuts for the sidewalk access in the parking lot.

17.     On or about February 12, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers at WEST SIDE PLAZA and as a legal result had the following adverse experiences: the alleged handicap parking stall in the west side parking lot was taken up; there was no curb-cut to the west side sidewalk; and there was a gray Honda in the alleged handicap stall that did not have a disability placard nor the International Symbol of Accessability ("ISA") symbol on the license plate.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

It appeared the car was illegally parked.  Plaintiff IRMA RAMIREZ called the Santa Rosa Police dispatch.  They waited twenty (20) minutes for the police to arrive.  The police did not come. Plaintiff IRMA RAMIREZ called the police back and said that she and plaintiff DAREN HEATHERLY had to leave.  Plaintiff IRMA RAMIREZ later discovered the vehicle was owned by a owner/employee of La Guadalupana Mexican Restaurant.  Plaintiffs had intended to go to the Huna Kitchen Restaurant but as they could not,  they dined at El Patio.

18.     On or about March 6, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers at the WEST SIDE PLAZA and as a legal result had the following adverse experiences: there was no van accessible parking or curb-cut to the west side parking sidewalk.  Plaintiffs took up two (2) parking spaces near the dumpsters.  Each had worried that someone might retaliate for their parking by vandalizing their vehicle.  Further, plaintiffs were put at risk as each had to travel in the vehicular path of travel. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the ramp in the access aisle of the alleged handicap parking stall; and the ramp was a concern to each in navigating on it because the side slopes were excessive.  This posed a personal injury risk. Plaintiffs had difficulty with the door leading into Huna Kitchen, because the door pressure was excessive and elements in the restroom were also difficult to use.

19.     On or about March 20, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY intended to dine at the Huna Kitchen. Upon entering the west parking lot of the WEST SIDE PLAZA, plaintiffs saw that the alleged handicap parking was occupied.  Plaintiffs left and dined at the China Garden.

20.     On or about March 20, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had returned to the WEST SIDE PLAZA intending to dine at Huna Kitchen. Once again, the gray Honda was parked in the alleged handicap parking stall.

///

///

///

///

21.     Plaintiff IRMA RAMIREZ was informed by a niece that Pasteles Christina Bakery at the WEST SIDE PLAZA had very good cake; plaintiff IRMA RAMIREZ could get a cake with a Easter theme.  On or about April 18, 2014, they attempted to patronize Pasteles Bakery but were prevented.

22.     On or about April 18, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers at the east parking lot of the WESTSIDE PLAZA and as a legal result had the following adverse experiences: there was no van accessible parking; curb-cut; or a complying ramp that provided access to the sidewalk serving Pasteles Christina Bakery.  The alleged handicap parking stall was not van accessible, had a noncompliant ramp in the access aisle and no other access was provided to the sidewalk. As this space was occupied and there was no other access, plaintiffs were compelled to leave.

23.     On or about April 30, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned to the WEST SIDE PLAZA.  On this occasion, they had drove along the sidewalk of the east side parking lot looking for access from the sidewalk.  While there, it was a concrete path of travel from the public sidewalk to the east section of the WEST SIDE PLAZA. It had steps which would prevent plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from accessing the plaza, which it did.  Plaintiffs had decided to drive into the east parking lot.

24.     On or about April 30, 2014, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the following architectural barriers in the east side of the parking lot of the WEST SIDE PLAZA and as a legal result had the following adverse experiences: the parking stall designated for the disabled was noncompliant; and the access aisle had a ramp in it. Plaintiff IRMA RAMIREZ deployed the ramp and plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY exited the vehicle and went into Dave's Market.  However, upon returning to their vehicle, another vehicle was parked next to the access aisle narrowing the space so that it was very difficult for plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY to wheel onto the ramp and enter their vehicle.

///

25. On or about May 1, 2014, and thereafter, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY would have returned to the WEST SIDE PLAZA but were deterred from returning for the fear that once they returned, they would encounter all of the same architectural barriers as on the first visit and that not even the easiest barriers would have bee removed such as the following: providing two (2) van accessible parking stalls or curb cutting the two (2) sidewalks serving the east side and west side of the plaza to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

26. No notice letter was sent to defendant(s) as defendant(s) is an experienced landlord of its public accommodations leased to tenants of the WEST SIDE PLAZA and has been under a duty to provide compliant access since July 26, 1990. . .twenty-four (24) years ago.

27. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had decided that it was not necessary to inform the land owner of the lack of access. After all, it purchased the land in the year of 1999, operates a mall, has a professional real estate company and manages and leases the properties. This was an indifference to its obligation to "identify and remove barriers."

28. Therefore, at said times and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

     a. lack of directional signage to show accessible routes of travel, i.e., entrances from the sidewalk and parking lots;

     b. lack of the requisite type and number of disabled parking stall(s);

     c. lack of disabled van accessible parking stall(s);

     d. lack of curb-cuts within the access aisles;

     e. lack of an accessible route of travel from the public sidewalk off Dutton Street;

     f. lack of accessible routes of travel within the two parking lots without going into the path of travel to reach public accommodations located separately at the east and west ends of the WESTSIDE PLAZA;

///

g.     lack of compliant door pressure at Huna Kitchen;

h.     lack of compliant dispenser at Huna Kitchen;

i     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

j.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

Therefore, as a legal result of encountering each of said elements, plaintiffs experienced one, all, or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

29.    At all times as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

30.    At all times stated herein, it was "readily achievable" for defendant to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

31.    At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff IRMA RAMIREZ and  plaintiff DAREN HEATHERLY from full and equal opportunities afforded to non disabled persons to the goods and services of HKV WEST SIDE PLAZA.

///

32. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY were and are deterred from returning to HKV WEST SIDE PLAZA so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

33. At said times and place, when plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the architectural barriers as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

34. Said architectural barrier(s) as stated herein deprived and deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject HKV WEST SIDE PLAZA.

35. At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendant's intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

36. At all times stated herein, defendant, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevents plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

///

37.     At all times stated herein, defendant, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevents plaintiff DAREN HEATHERLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

38.     As a legal result of defendant HKV ASSOCIATES LLC, a California Limited Liability Company's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

39.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

40.     As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

41.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

///

1  No claim is being made for mental and emotional distress over and above that is usually

2  associated with the encountering of architectural barriers and legally resulting in adverse

3  experiences.  No expert testimony regarding this usual mental and emotional distress will be

4  presented at trial in support of the claim for damages.

5          42.      Defendant's failure to remove the architectural barriers complained of herein

6  created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY's first

7  visit to said public accommodation, and continues to create continuous and repeated exposure

8  to substantially the same general harmful conditions which caused plaintiff IRMA

9  RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

10         43.      Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was

11 denied his/her rights to equal access to a public facility by defendant HKV ASSOCIATES

12 LLC, a California Limited Liability Company, because defendant HKV ASSOCIATES LLC,

13 a California Limited Liability Company maintained a plaza of public accommodations

14 without access for persons with physical disabilities to its facilities, including but not limited

15 to  access the stores sidewalks, handicap parking,  access to stores from public sidewalk and

16 in general accessible routes and door and restroom at Huna Kitchen, and other public areas as

17 stated herein, and continue to the date of filing this complaint to deny equal access to each

18 plaintiff and other persons with physical disabilities in these and other ways.

19         44.      Construction alterations, if any, carried out by defendant has also triggered

20 access requirements under both California law and the Americans with Disabilities Act of

21 1990.

22         45.      Defendant may have intentionally undertaken to modify and alter existing

23 building(s), and may have failed to make them comply with accessibility requirements under

24 the requirements of ADAAG and California Building Code.

25         46.      Defendant has been negligent in its affirmative duty to identify the

26 architectural barriers complained of herein and negligent in the removal of some or all of said

27 barriers.

28 ///

47. Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein. Plaintiffs seek an order from this court compelling defendants to make the HKV WEST SIDE PLAZA accessible to persons with disabilities.

48. Each plaintiff, as described hereinbelow, seeks injunctive relief to require the HKV WESTSIDE PLAZA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the HKV WEST SIDE PLAZA as a public facility.

49. Plaintiffs believe that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

50. Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on February 12, 2014, March 6, 2014, March 20, 2014, April 18, 2014 and April 30, 2014 and **deterrence occasions** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///

///

The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other plazas, malls, shopping centers and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

51.     Each plaintiff is informed and believes and therefore alleges that defendant HKV ASSOCIATES LLC, a California Limited Liability Company caused the subject building(s) which constitute the HKV WEST SIDE PLAZA to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the WEST SIDE PLAZA and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said plaza and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of WEST SIDE PLAZA and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///

52. Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the HKV WEST SIDE PLAZA and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, possibly sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendant's failure, under state and federal law, to make the HKV WEST SIDE PLAZA accessible is further evidence of defendant's conscious disregard for the rights of plaintiffs and other similarly situated persons with disabilities. Despite being informed of such effect on each plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendant, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for each plaintiff and other persons with physical disabilities to the HKV WEST SIDE PLAZA. Said defendant, and each of them, have continued such practices, in conscious disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendant and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

53. Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)
(42 U.S.C. §12101, *et seq.*)

54. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

55. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

56. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.
>
> 42 U.S.C. §12181(B)(E) and (F)

58.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

59.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

60.     The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the WEST SIDE PLAZ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

61.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.

///

Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

62. On information and belief, construction work on, and modifications of, the subject building(s) of WEST SIDE PLAZA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

63. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

64. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not returned to defendants' premises since on or about April 30, 2014, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

65.     Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.

(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.)*

66.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 65 of this complaint.

67.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

>       (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

68.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

>       (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

1     69.    California Civil Code §54.1 further provides that a violation of the Americans

2 with Disabilities Act of 1990 constitutes a violation of section 54.1:

3         (d) A violation of the right of an individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)

4         also constitutes a violation of this section, and nothing in this
section shall be construed to limit the access of any person in

5         violation of that act.

6     Civil Code §54.1(d)

7     70.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

8 person within the meaning of Civil Code §54.1 whose rights have been infringed upon and

9 violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.

10 Each specific architectural barrier which defendants knowingly and willfully fail and refuse

11 to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

12  Each plaintiff has been and continue to be denied full and equal access to defendant's HKV

13 WEST SIDE PLAZA. As a legal result, each plaintiff is entitled to seek damages pursuant to

14 a court or jury determination, in accordance with California Civil Code §54.3(a) for each day

15 on which he/she visited or have been deterred from visiting the plaza because of his/her

16 knowledge and belief that the plaza is inaccessible to persons with disabilities. California

17 Civil Code §54.3(a) provides:

18         Any person or persons, firm or corporation, who denies or
interferes with admittance to or enjoyment of the public

19         facilities as specified in Sections 54 and 54.1 or otherwise
interferes with the rights of an individual with a disability

20         under Sections 54, 54.1 and 54.2 is liable for each offense for
the actual damages and any amount as may be determined by a

21         jury, or the court sitting without a jury, up to a maximum of
three times the amount of actual damages but in no case less

22         than . . .one thousand dollars ($1,000) and . . . attorney's fees as
may be determined by the court in addition thereto, suffered by

23         any person denied any of the rights provided in Sections 54,
54.1 and 54.2.

24

25     Civil Code §54.3(a)

26 ///

27 ///

28 ///

71.    On or about  February 12, 2014, March 6, 2014, March 20, 2014, April 18, 2014 and April 30, 2014 and **deterrence occasion(s)**, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied access to  access the stores sidewalks, handicap parking, access to stores from public sidewalk and in general accessible routes and door and restroom at Huna Kitchen and other public facilities as stated herein at the WEST SIDE PLAZA and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was a person with physical disabilities.

72.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

73.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

74.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

///
///
///

No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

75. Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about February 12, 2014, March 6, 2014, March 20, 2014, April 18, 2014 and April 30, 2014 and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

76. As a result of defendants', and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///
///
///

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)

(Health & Safety Code §19955, *et seq.*)

77.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 76 of this complaint.

78.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

79.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the WEST SIDE PLAZA  and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the WEST SIDE PLAZA and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said plaza and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

80.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the WEST SIDE PLAZA and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

81. Plazas and strip malls such as the WEST SIDE PLAZA are "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

82. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

83. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest. Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

84.     Each plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)
(Civil Code §51, 51.5)

85.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 84 of this complaint.

86.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)
shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

87.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

88.     Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶54, *et seq*., as if repled herein.

89.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

90.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

91.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

92.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive, to make the HKV WEST SIDE PLAZA, located at 320 West 3rd Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive, to make the HKV WEST SIDE PLAZA, located at 320 West 3rd Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive)

(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendant HKV ASSOCIATES LLC, a California Limited Liability Company, inclusive, to make the HKV WEST SIDE PLAZA, located at 320 West 3rd Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS
TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES,
FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF
CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS
ACT)**

(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
Against Defendant HKV ASSOCIATES LLC, a California Limited Liability
Company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

    1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident
and for each occasion on which plaintiffs were deterred from returning to the subject public
accommodation;

    2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
prevailing party;

    3.     General damages according to proof;

    4.     Treble damages pursuant to Civil Code §52(a);

    5.     For all costs of suit;

    6.     Prejudgment interest pursuant to Civil Code §3291; and

    7.     Such other and further relief as the court may deem just and proper.

Dated: June 10, 2014                THOMAS E. FRANKOVICH,
                                 *A PROFESSIONAL LAW CORPORATION*


                                 By: _____/s/Thomas E. Frankovich_____
                                      Thomas E. Frankovich
                        Attorney for Plaintiff IRMA RAMIREZ and
                        Plaintiff DAREN HEATHERLY

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: June 10, 2014

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*


By: _____/s/Thomas E. Frankovich_____

Thomas E. Frankovich
Attorney for Plaintiff IRMA RAMIREZ and
Plaintiff DAREN HEATHERLY